Ross A. SUMPTER, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 98SC532.

Supreme Court of Colorado.

Feb. 7, 2000.

David Kaplan, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Robert Mark Russell, First Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

PER CURIAM.

In *People v. Sumpter*, No. 95CA0559 (Colo. Ct.App. Apr. 30, 1998) (not selected for publication), the Colorado Court of Appeals affirmed the trial court's imposition of a life sentence without possibility of parole for forty years pursuant to this state's habitual offender statute. We granted the defendant's petition for certiorari to determine whether the court of appeals properly performed a proportionality review in compliance with the Eighth Amendment's proscription against cruel and unusual punishment.

I.

Defendant Ross A. Sumpter was charged with three counts of sexual assault on a child, *see* § 18–3–405(1), 6 C.R.S. (1999), three counts of second degree sexual assault, *see* § 18–3–403(1)(e), 6 C.R.S. (1999), and three counts of habitual criminal, *see* § 16–13–101(2), C.R.S. 8A (1986 & Cum.Supp.1991).[1] A jury convicted Sumpter of two counts of sexual assault on a child and three counts of habitual criminal, and acquitted him of two counts of second degree sexual assault. The trial transcript also indicated that the jury acquitted Sumpter of the remaining two counts of sexual assault on a child and second degree sexual assault. The verdict forms, "Judgment of Conviction, Sentence, and Mittimus," and minute order, however, reflected guilty verdicts for these two counts.

Sumpter appealed several aspects of the trial court proceedings. Relevant to the issue on certiorari before us today, the court of appeals remanded the case for clarification of the record regarding the disputed jury ver-

1. The General Assembly amended the habitual criminal statute in 1993 and 1994. *See* ch. 322, sec. 1, § 16–13–101, 1993 Colo. Sess. Laws 1975, 1975–76; ch. 261, sec. 1, § 16–13–101, 1994 Colo. Sess. Laws 1470, 1470–72. Sumpter was charged under the version of the habitual criminal statute that preceded these amendments.

dicts, and the court of appeals found that the punishment imposed, life imprisonment without possibility of parole for forty years, was constitutionally proportional to the crimes committed. *See* U.S. Const. amend. VIII (proscribing "cruel and unusual punishments"); Colo. Const., art. II, sec. 20 (same); *see also, e.g., Solem* v. *Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (addressing the scope and structure of proportionality reviews with respect to the constitutional proscription against "cruel and unusual punishments"); *People v. Gaskins,* 825 P.2d 30 (Colo.1992) (same).

On certiorari, Sumpter challenges the sufficiency of his proportionality review. The record shows that Sumpter did not receive a proportionality review at the trial court level. While the court of appeals considered the issue of the proportionality of the life sentence, it did so without the benefit of the clarification of the record regarding the two counts to which the transcript and the verdict forms rendered contradictory findings of guilt. Because the convictions have yet to be determined, a proportionality review is premature. On remand, should the defendant so request, the trial court must conduct a proportionality review consistent with article II, section 20 of the Colorado Constitution and the Eighth Amendment to the U.S. Constitution.

## II.

That part of the decision of the court of appeals holding that the life sentence without possibility of parole for forty years is proportional to the crimes committed is reversed. We remand the case to the court of appeals with directions to return the case to the trial court for further proceedings consistent with this opinion.

Justice SCOTT does not participate.